PROB. 12B
(7/93)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 6 2006

at 10 o'clock and 35 min. A M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  RONALD DECKER           Case Number:  CR 03-00506DAE-01

Name of Sentencing Judicial Officer:    The Honorable David Alan Ezra
                                        U.S. District Judge

Date of Original Sentence:  11/8/2004

Original Offense:   <u>Counts 1 and 2</u>:  Distribution of Cocaine Base, in violation of
                    21 U.S.C. § 841(a)(1), a Class C felony

                    <u>Single-Count Information</u>:  Simple Possession of Cocaine, in
                    violation of 21 U.S.C. § 844, a Class A misdemeanor

Original Sentence:  Time served as to each of Counts 1 and 2 of the Indictment, and
                    Count 1 of the Information, with all terms to be served concurrently,
                    to be followed by three (3) years of supervised release for Counts 1
                    and 2 of the Indictment, and one (1) year of supervised release as
                    to Count 1 of the Information with the following special conditions:
                    1) That the defendant shall participate in a substance abuse
                    program, which may include drug testing at the discretion and
                    direction of the Probation Office; 2) That the defendant provide the
                    Probation Office access to any requested financial information;
                    3) Without the prior approval of the Probation Office, the defendant
                    shall not enter the "Operation Weed and Seed" target area which is
                    bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street,
                    Nimitz Highway, North King Street, Dillingham Boulevard, and
                    Kokea Street, as depicted in the map to be attached to the
                    Judgment; and 4) That the defendant shall submit his person,
                    residence, place of employment, or vehicle to a search conducted
                    by the U.S. Probation Office at a reasonable time and in a
                    reasonable manner, based upon reasonable suspicion of
                    contraband or evidence of a violation of a condition of supervision.
                    Failure to submit to a search may be grounds for revocation.  The
                    defendant shall warn any other resident that the premises may be
                    subject to search pursuant to this condition.

Prob 12B
(7/93)

2

Type of Supervision: Supervised Release   Date Supervision Commenced: 11/8/2004

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

General Condition:   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).*

Special Condition No. 1:   *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

## CAUSE

On 12/06/2005, the offender was arrested by the Honolulu Police Department (HPD) for Sexual Assault in the Third Degree, in violation of Hawaii Revised Statutes § 707-732, a Class C felony. On that date, the offender's ex-wife, Helen Lime (with whom he was residing), accused him of sexually molesting their eight-year-old daughter. The offender was subsequently interviewed by Detective Greg McCormick of HPD's Sexual Assault Unit. On 12/7/2005, Detective McCormick reported the case was "closed due to insufficient evidence" and the offender was released from custody.

Also on 12/6/2005, as a result of the arrest, the offender's case was assigned to the Department of Human Services Child Welfare Services (CWS) branch for investigation. Ultimately, on 1/17/2006, CWS reported that their investigation was complete and related that "the allegations of sexual abuse and threat of abuse...are not confirmed."

In addition to the arrest, at the recommendation of HPD and while the offender's case was being investigated by CWS, on 12/8/2005, Ms. Lime filed a Temporary Restraining Order (TRO) against the offender in the Family Court of the First Circuit. She alleged that the offender "has been using drugs for a very long time" and that he had been physically and psychologically abusive toward her and their two daughters, ages eight (8) and nine (9), respectively. It should be noted that both the offender and

(7/93)

3

Ms. Lime are hearing impaired and require the assistance of a sign language interpreter to communicate effectively. Ms. Lime filed the TRO without the benefit of the services of a sign language interpreter. As a result, it was consequently discovered that the allegations contained in the TRO were inaccurately reported by Ms. Lime.

Furthermore, on 12/19/2005, Ms. Lime reported to this officer that she had misunderstood her eight-year-old daughter and that it was in fact, another family member who may have been sexually molesting her daughter. Ms. Lime further stated that she wished to have the TRO dissolved immediately. A hearing to review the status of the TRO had already been scheduled for 12/21/2005. Ms. Lime stated that she intended to ask the Court to dissolve the TRO at that time.

As background information, in accordance with the Americans with Disabilities Act, the Family Court of the First Circuit is required to provide sign language interpretation services at Court hearings involving the hearing impaired. Because the offender and Ms. Lime are both hearing impaired, two sign language interpreters were needed for the hearing on 12/21/2005. The Court failed to provide the interpreters as required. As a result, the hearing was rescheduled for 1/18/2006. Again, the Court failed to provide the interpreters. A third hearing was scheduled for 2/28/2006.

It should be noted that from 12/8/2005 through 2/28/2006, the offender was compliant with the terms and conditions set forth in the TRO. During this time, the offender voluntarily continued to financially support Ms. Lime as she could not sustain herself and the two children on her income alone. Both the offender and Ms. Lime receive disability benefits from the State of Hawaii. This is their sole source of income. As a result of his financial assistance, the offender was forced to reside at the Institute of Human Services homeless shelter as he did not have enough income to secure an alternate residence and, as a condition of the TRO, he was not allowed to reside with his ex-wife and children.

On 2/28/2006, Judge Jennifer Ching of the Family Court of the First Circuit dissolved the TRO. Both parties were represented by sign language interpreters. Through the assistance of the interpreters, Ms. Lime explained that she had misrepresented the allegations of abuse reported in the TRO. She further admitted that the offender had not been using drugs nor had he been physically or psychologically abusive toward her or their children since the commencement of his federal supervision on 11/8/2004.

Since the hearing on 2/28/2006, the offender and his ex-wife and children have reunited and are presently residing together. The Court should also be aware that at the recommendation of CWS, the offender and his family are currently participating in family counseling and parenting education with a therapist proficient in American Sign Language.

To date, the offender has been compliant with the terms and conditions of supervision. He has not incurred any positive drug tests since the commencement of supervision and has also successfully completed substance abuse treatment.

Prob 12B
(7/93)

4

However, in light of the recent allegations of drug use as well as his substance abuse history and criminal past which includes an arrest on 8/21/2003 for Sexual Assault in the First Degree, a Class A felony (the charge was dismissed pending further investigation), we believe the proposed modifications are justified as it would ensure our ability to continue to monitor the offender through drug testing should circumstances warrant it.

The offender has agreed to modify his conditions of supervised release to include an amended drug testing condition, consistent with the requirements of U.S. v. Stephens. He has also agreed to amend his substance abuse treatment special condition in order to include updated language.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 5/1/2006

Prob 12B
(7/93)

5

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[   ]   Other

_____
DAVID ALAN EZRA
U.S. District Judge

5-15-06
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

| | |
|---|---|
| *General Condition* | *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).* |
| *Special Condition No.1* | *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.* |

Witness: _____          Signed: _____
            SYDNEY L. FLEMING                                   RONALD DECKER
            U.S. Probation Officer                                  Supervised Releasee

                            4/4/06
                            _____
                            Date